**\*AMENDED DLD-058**                                                  **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-3327
_____

IN RE: CALEB L. MCGILLVARY,
                                                                    Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the District of New Jersey
(Related to D.N.J. Civ. No. 1:23-cv-22605)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 2, 2025

Before:  RESTREPO, FREEMAN, and NYGAARD, <u>Circuit Judges</u>

(Opinion filed: June 17, 2025)
_____

OPINION*
_____

PER CURIAM

        In November 2023, in the United States District Court for the District of New

Jersey, Caleb McGillvary filed suit against multiple defendants, accusing them of being

part of a bid-rigging syndicate involved in racketeering activities, money laundering, and

other offenses.  After he amended his complaint, many defendants moved to dismiss it,

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

including a group of defendants whom we will call the State Defendants for convenience.[1]

In a mandamus petition that he filed in this Court, McGillvary asserted that he submitted his response in opposition to the State Defendants' motion (which was filed at ECF No. 193) in September 2024, but it had not yet been filed on the District Court's docket. He explained how he tried, without success, to have that brief filed, and he is right that a letter he submitted to address the issue was misfiled as his opposition brief. He asked us to issue a writ of mandamus to order the District Court to file the opposition brief.

After he filed his mandamus petition, McGillvary's brief was filed on the District Court docket. See ECF No. 328. In light of this event, there is no longer relief to grant, and his mandamus petition no longer presents a live controversy. Accordingly, we will dismiss it as moot. See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) (noting that "[i]f developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot").

---

[1] On December 23, 2024, the District Court granted many of the motions to dismiss, but it did not rule on the State Defendants' motion.